UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>NICOLE M MALLIN, et al.,<br><br>    Defendants. | Case No. 25-cv-02430-RFL<br><br>**ORDER GRANTING MOTION FOR INTERPLEADER DEPOSIT**<br><br>Re: Dkt. No. 23 |

    Plaintiff Bankers Life and Casualty Company ("Bankers Life") filed this motion for interpleader to deposit disputed proceeds, pursuant to Federal Rules of Civil Procedure 22 and 67. (Dkt. No. 23.) Defendant Maria V. Pucciarelli filed a statement of non-opposition to the motion. (Dkt. No. 32.) Defendant Nicole M. Mallin is currently in default. (Dkt. Nos. 42, 43.) A motion for default judgment as to Mallin is currently pending before the Court. (Dkt. No. 45.) The requirements for an interpleader action have been met. Accordingly, Bankers Life's motion for interpleader deposit is **GRANTED**. This order assumes that the reader is familiar with the facts of the case and the arguments made by the parties.

    Interpleader serves "to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by

determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010)).  Then, "[i]f the district court finds that the interpleader action has been properly brought," in the second stage, "the district court will then make a determination of the respective rights of the claimants." *Id.* (quoting *Mack*, 619 F.3d at 1023-24 (9th Cir. 2010)).

Federal Rule of Civil Procedure 67 "provides the mechanism" for a party to relieve itself of responsibility for a disputed fund by depositing it with the Court. *Methven & Assocs. Prof. Corp. v. Paradies-Stroud*, No. 13-cv-01079-JSW, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014).  The Rule states in relevant part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). The decision whether to grant a motion to deposit is committed to the Court's discretion. *Methven*, 2014 WL 231654, at *2 (citation omitted).

Finally, an interpleader action requires the requesting party to "have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).  The good-faith standard "is not an onerous requirement." *Id.* (citing 4 James Wm. Moore, *Moore's Federal Practice* § 22.03[1][c] (3d ed. 1997)).  "The threshold to establish good faith is necessarily low so as not to conflict with interpleader's pragmatic purpose, which is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id.* (internal citations and quotation marks omitted).

Bankers Life has satisfied the requirements for bringing an interpleader action, including by demonstrating a good-faith belief that Pucciarelli and Mallin may have colorable competing claims to the disputed proceeds. (*See* Dkt. No. 1 ("Compl.") ¶¶ 8-20.) Accordingly, the disputed

proceeds at issue, in the amount of $511,337.39, shall be deposited in the Court Registry Investment System Disputed Ownership Fund, until a determination of the proper beneficiary is ascertained.

**IT IS SO ORDERED.**

Dated: August 26, 2025

RITA F. LIN
United States District Judge